UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CURTIS AUGUST EDWARDS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-445 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Curtis Edwards (#1770734), is a state prisoner incarcerated at the McConnell Unit in Beeville, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his February 24, 2012 Nueces County convictions for robbery, unauthorized use of a motor vehicle, and aggravated assault. (D.E. 1; D.E. 16-3, Pages 6-7; D.E. 16-5, Pages 64-65). Pending is Respondent's Motion for Summary Judgment and Petitioner's Response.[1] (D.E. 18 and D.E. 19). For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be **DISMISSED** as time barred. (D.E. 18). It is further recommended that a Certificate of Appealability be **DENIED**.

---

[1] Petitioner labels his response "First Formal Objection." (D.E. 19). The Court, however, construes this filing as a response to Respondent's motion for summary judgment.

**I.    JURISDICTION**

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. §§ 1331 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner was convicted by a court located in Nueces County, Texas. Therefore, this matter is properly before this Court. 28 U.S.C. § 124(b)(6).

**II.   BACKGROUND**

On February 24, 2012, Petitioner pleaded guilty and was convicted of robbery, unauthorized use of a motor vehicle, and aggravated assault. (D.E. 16-3, Pages 6-7 and D.E. 16-5, Pages 64-65). Petitioner did not file a direct appeal. (D.E. 1, Page 3). Over six years later, on July 30, 2018, Petitioner filed two state habeas petitions. (D.E. 16-2, Page 17 and D.E. 16-5, Page 21). Both petitions were denied without written orders on October 3, 2018. (D.E. 16-1 and D.E. 16-4). Petitioner then filed this federal habeas action approximately one month later on November 13, 2018. (D.E. 1, Page 10). Respondent asserts this action should be summarily dismissed as time barred. (D.E. 18).

**III.  LAW AND ANALYSIS**

Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

(A)   the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review. 28 U.S.C. § 2244(d)(2). Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a direct appeal and as a result his conviction became final when the time for filing a direct appeal expired on March 26, 2012.[2] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Tex. R. App. P. 26.2 (Notice of Appeal must be filed within 30 days after sentence is imposed). As such, Petitioner had one year, until March 26, 2013, to timely file a federal application for habeas corpus relief. Neither of Petitioner's state habeas applications, filed in 2018, tolled this limitations period. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (State habeas petition filed outside of one-year period "did not statutorily toll the limitation clock.") Consequently, Petitioner failed to file the pending federal habeas petition until November 13, 2018, over five years too late. 28 U.S.C. § 2244(d).

---

[2]The 30-day period ended on Sunday, March 25, 2012, making Petitioner's conviction final the following day, Monday, March 26, 2012.

The one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar, however, and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

In his petition and response, Petitioner asserts his claims are based on an actual innocence assertion, enabling his claim to pass through the procedural timeliness bar. (D.E. 15, Page 2 and D. E. 19). Notably, Petitioner does not argue new evidence offers a basis for equitable tolling, but instead he argues his actual innocence presents extraordinary circumstances for which an equitable exception to the limitations period should be granted. (D.E. 15, Page 2). Petitioner specifically argues newly offered affidavits from himself and his parents along with a portion of the pretrial forensic

evaluation report from a licensed psychologist are sufficient to show by clear and convincing evidence that no reasonable juror would have found him guilty because he suffered from a severe mental illness. (D.E. 15, Pages 2-6; D.E. 15-2; D.E. 15-3; D.E. 15-4). Petitioner further argues the absence of an attempted insanity defense or use of psychiatric evidence by his counsel make his guilty pleas and waiver of a jury trial invalid. (D.E. 15, Pages 5-6). Petitioner's evidence presented in the affidavits and portion of the evaluation report, however, are not new as they were available at the time of trial.

The Supreme Court has determined that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citation omitted). The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted). Petitioner fails to cite to any evidence in his petition or response showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim. The information contained in Petitioner's newly offered affidavits and the forensic evaluation report were all available at the time of trial. The affidavits themselves state Petitioner's parents were aware of Petitioner's psychiatric condition and the medications taken by the Petitioner at the time of trial. (D.E. 15-4, Pages 2-3). Further, the forensic evaluation report, when

viewed in complete form, states Petitioner suffers from a chronic and severe mental illness, but he was sane when committing the crimes at issue. (D.E. 16-2, Page 27).

The Supreme Court has also stated that although untimeliness is not dispositive of a petition, it is indicative of the credibility of the evidence offered to show a petitioner's actual innocence. *McQuiggin*, 569 U.S. at 401. The credibility of the evidence offered to support his claim that he was unaware of and unable to make a guilty plea or request a jury trial is weakened because Petitioner did not assert such claims during the more than 5 years that followed his conviction. In short, Petitioner's newly proffered evidence is inadequate to demonstrate that had it been presented to a jury at trial, no reasonable juror would have convicted Petitioner. Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard.

In short, Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner did not diligently pursue his rights, delaying over five years past the deadline to pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claims are based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling or a valid actual innocence claim, Petitioner's writ should be dismissed as time barred.

## IV.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of

denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be **DISMISSED** as time barred. (D.E. 18). It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 11th day of July, 2019.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).